# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIM SOSEBEE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4138** |
| **STEADFAST INSURANCE COMPANY, ET AL.** | **SECTION "L" (3)** |

## ORDER & REASONS

The Court has pending before it Plaintiffs' motion to strike a defense from Defendant Steadfast Insurance Company's answer to the amended complaint. The court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

## I.     Background

This case arises out of a collision between a utility boat and a charter fishing boat in a navigable canal near Venice, Louisiana, in Plaquemines Parish. The utility boat was owned and operated by Harvest Oil and Gas, LLC ("Harvest") and insured by Steadfast Insurance Company ("Steadfast"). The charter fishing boat was owned and operated by David Mills d/b/a Reel Tite Fishing Guide Services, LLC ("Reel Tite"), piloted by David Mills, and insured by St. Paul Fire and Marine Insurance Company ("St. Paul"). The Plaintiffs, all passengers on the charter fishing boat, allege that the collision was caused by the negligence of the Defendants. They further assert that, as a result of the collision, they have suffered from physical pain and suffering, mental anguish, emotional distress, embarrassment, humiliation, depression, disfigurement, disability, loss of services, loss of society, loss of support, loss of enjoyment of life, loss of income, and loss of earning capacity, and past and future medical expenses.

Plaintiffs filed suit in this Court on June 17, 2009. (Rec. Doc. 1). Plaintiffs asserted a

claim against Steadfast pursuant to the Louisiana Direct Action Statute, alleging that Steadfast was Harvest's liability insurer under policy number BOG 9261707-00.  Steadfast answered on October 30, 2009.  (Rec. Doc. 8).  In its answer, Steadfast did not assert any policy exclusions as affirmative defenses to liability.  Plaintiffs also state that in April, 2009, through correspondence with counsel for Harvest, Plaintiffs were informed that Steadfast allegedly did not dispute coverage.

Plaintiffs state that in August of 2010, they were informed for the first time that, in addition to a liability policy, Steadfast also insured Harvest through an excess policy.  On September 29, 2010, the Court granted Plaintiffs leave to file a first amended and restated complaint.  (Rec. Doc. 37).  In the amended complaint, Plaintiffs sought recovery under both the liability policy alleged in the original complaint, as well as the excess liability policy, Number UMB 9261710-00.  On April 1, 2011, Steadfast filed an answer to the amended complaint.  (Rec. Doc. 48).  Steadfast filed the answer six months after Plaintiffs filed the amended complaint, and almost one month after the Court's deadline for filing amended pleadings expired.  In the answer to the amended complaint, Steadfast admitted that it insured Harvest pursuant to a CGL policy and an umbrella policy in effect at the time of the accident, but stated that:

> the policies exclude coverage for any bodily injury arising out of the operation, maintenance or use of any watercraft owned or operated by, rented or loaned to the insured, Harvest Oil & Gas, LLC.  Steadfast Insurance Co. specifically avers that the "watercraft exclusion under both policies applies as one of the vessels involved in this alleged accident was owned by Harvest Oil & Gas, LLC.

(Rec. Doc. 48 at 3-4).  Steadfast also pleaded the terms of the policies as affirmative defenses.

Trial in this matter is set for August 15, 2011.  Discovery is scheduled to conclude on July 1, 2011.  Plaintiffs state that, throughout the long history of the case, Steadfast answered a

number of discovery requests pertaining to insurance policies without indicating that it disputed coverage or identifying the watercraft exclusion as potentially applicable.  Steadfast does not respond to that assertion, except to state that it provided the policies to Plaintiffs and that the watercraft exclusion is "obviously" applicable.

## II.    Present Motion

Plaintiffs now move to strike Steadfast's assertion of any policy exclusions as affirmative defenses on the basis of unfair surprise and prejudice.  They contend that Steadfast did nothing to notify them that it would assert the watercraft exclusion until the answer to the amended complaint was filed.  Plaintiffs argue that asserting the exclusion at this late date unfairly surprises and prejudices them because the surprise defense comes late in the case when Plaintiffs will not be able to conduct discovery relevant to the exclusion or its exceptions.

Steadfast opposes the motion, arguing that Plaintiffs are in no way prejudiced by the assertion of an obviously applicable policy exclusion.  Steadfast also states that no discovery is necessary because the exclusion applies on its face and none of the exceptions are remotely applicable.

## III.   Law & Analysis

Affirmative defenses must be specifically pleaded.  Fed. R. Civ. Pro. 8(c)(1).  Courts hold that under Louisiana law, insurance policy exclusions are among the affirmative defenses that must be specifically pleaded in an answer.  *E.g.*, *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, No. 06-7674, 2008 WL 2517137, at *2 (E.D. La. June 20, 2008), *aff'd*, No. 10-30746, 2011 WL 902428 (5th Cir. Mar. 16, 2011).  The Court has discretion to determine whether a party is prejudiced or unfairly surprised by another's non-compliance with Rule 8(c),

and how to remedy that non-compliance.  *Aunt Sally's*, 2011 WL 902428, at *3.

On these facts, the Court cannot say that Plaintiffs have been so prejudiced or unfairly surprised by Steadfast's answer to the amended complaint that the affirmative defense must be stricken.  To be sure, Steadfast's decision to dispute coverage for the first time seventeen months after it originally answered the complaint is an inconvenience to the Plaintiffs.  The delay perhaps prevented Plaintiffs from fully assessing the nature of the case and the potential for recovery, and the discovery Plaintiffs indicate is necessary will have to be completed on an expedited basis.  The Court also notes that Steadfast has utterly failed to explain its delay in articulating what it contends to be a complete defense to liability.  But based on these specific facts the Plaintiffs are not so prejudiced that it is necessary to strike the affirmative defense and potentially create insurance coverage where coverage might not exist.  However, the applicability of the watercraft exclusion is not properly before the Court at this time, and Court expresses no conclusions on that matter.

Plaintiffs rely on *Aunt Sally's Praline Shop*, but the facts in that case were more egregious.  In *Aunt Sally's*, the defendant insurer did not specify any particular policy exclusion in its answer and then attempted to assert exclusions as a defense for the first time in the pretrial order.  The court excluded the defense because it had only been asserted with adequate specificity "on the eve of trial."  2008 WL 2517137, at *3.  The Fifth Circuit later affirmed. *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co., Inc.*, No. 10-30746, 2011 WL 902428, at *2-3 (5th Cir. Mar. 16, 2011).  Here, although Steadfast failed to answer the amended complaint for six months, it notified Plaintiffs of its intent to assert the watercraft exclusion as an

affirmative defense four and a half months before trial.[1]  Accordingly,

Plaintiffs' motion to strike is DENIED.  The Court will entertain any motions to extend

discovery deadlines or continue the trial filed if by the Plaintiff.

New Orleans, Louisiana this 23rd day of May 2011.

UNITED STATES DISTRICT JUDGE

_____

[1]Plaintiffs also cite *Carey Canada, Inc. v. California Union Ins. Co.*, 748 F. Supp. 8 (D.D.C. 1990), and *Swanson v. Van Otterloo*, 177 F.R.D. 645 (N.D. Iowa 1998).  Both of those decisions granted the relief Plaintiffs seek here, but neither is dispositive.  In *Carey*, the affirmative defense was a policy exclusion asserted over three years after the suit was filed, and raised first in a summary judgment motion instead of an answer.  748 F. Supp. at 13-14.  In *Swanson*, the affirmative defense at issue was qualified immunity, and leave to amend an answer to assert it was denied two months before trial.  177 F.R.D. at 649.  Each of those cases turned on the specific facts.  Here, the Court concludes that the facts do not rise to the level of prejudice or surprise so unfair that Steadfast must be prohibited from asserting the defense.