UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIM SOSEBEE, ET AL.                                    CIVIL ACTION

VERSUS                                                 NO. 09-4138

STEADFAST INSURANCE COMPANY, ET AL.                    SECTION  "L" (3)

ORDER

On June 29, 2011, Plaintiffs' Motion to Compel [Doc. #75] came on for oral hearing before
the undersigned.  Present were Soren Gisleson on behalf of plaintiffs and Michael Peytavin and
Daryl Higgins on behalf of defendant Steadfast Insurance Company ("Steadfast").  After the oral
hearing, the Court took the motion under advisement.  Having reviewed the motion, the opposition,
the case law and the parties' oral arguments, the Court rules as follows.

I.      Background

In May 2008, plaintiffs chartered a recreational fishing boat owned and operated by
defendant David Mills d/b/a Reel Tite Fishing Guide Service, L.L.C.  Mills piloted the boat.
Defendant St. Paul Fire and Marine Insurance Company insured the boat.

The boat entered a canal near Venice, Louisiana and ultimately collided with a boat operated
by Harvest Oil and Gas, L.L.C. ("Harvest").  Defendant Steadfast insured the boat owned and
operated by Harvest.  Plaintiffs suffered injuries in the collision and sue Steadfast under the
Louisiana Direct Action Statute.  Harvest has filed for bankruptcy protection.

**II.    The Parties' Contentions**

**A.    Plaintiffs' Motion to Compel**

Plaintiffs argue that after almost three years of litigation and after having never asserted the

defense before, Steadfast now asserts that a watercraft exclusion in its policy precludes coverage of

plaintiffs' claims here.  After Steadfast finally answered plaintiffs' amended complaint, plaintiffs

propounded discovery requests and a request for a Rule 30(b)(6) deposition on it.  Plaintiffs now

challenge the sufficiency of Steadfast's responses.

RFP Nos. 1 and 2:      Plaintiffs  seek Steadfast's claims-handling guidelines and underwriting manuals/guidelines.  Steadfast objected on the ground that the discovery requests are not calculated to lead to the discovery of admissible evidence and exceed the scope of permissible discovery.  Plaintiffs contend that such discovery is proper because the dispute here is the application of the watercraft exclusion.  For three years, both Steadfast and Harvest allegedly represented that the policies provided coverage. Plaintiffs contend that Steadfast had thus applied the watercraft exclusion to the facts here and had determined that it did not apply.  Plaintiffs argue that once Steadfast's full dollar-value was exposed under its excess liability policy, Steadfast then determined that the watercraft exclusion applied.  Plaintiffs seek this information to determine how Steadfast interprets the relevant exclusion and its application to the facts and whether such application is contrary to the guidelines.

RFP Nos. 3, 4 & 5:     Plaintiffs seek all correspondence between Steadfast and Harvest and between Steadfast claims personnel that addresses the incident/accident here and whether the policies provide coverage. Steadfast objected on the same grounds as above.  Steadfast produced a reservation-of-rights letter that it had sent to Harvest.  Plaintiffs advance the same argument as above as to why the documents are relevant. Citing Fifth Circuit case law, plaintiffs argue that they have standing to determine whether Steadfast waived the defense under the watercraft exclusion, and such documents may reveal proof of waiver.

RFP No. 7:             Plaintiffs seek the underwriting files to the insurance policies. Steadfast objected on the same grounds as above.  Plaintiffs contend that such documents may reveal correspondence relating to the types

2

of coverage under the policies and what activities Harvest Oil sought to insure. Plaintiffs also contend that such documents may reveal the identification of other policies that may provide coverage because the excess policy contains a schedule of underlying insurance. Such files may also contain a list by Harvest Oil of other liability policies.

Int. Nos. 2, 3 & 4 and RFP No.6:

Steadfast alleged a privilege in response to these requests, and plaintiffs argue that Steadfast failed to produce a privilege log.

Plaintiffs also propounded a Rule 30(b)(6) notice of deposition on Steadfast. The deposition topics included Steadfast's interpretation of the policies, its application of the policies here, communications with Harvest Oil, the responses to the discovery requests and any pleadings filed by Steadfast. Steadfast objected on the grounds listed above and also objected on the ground that the interpretation of the policies is a legal issue for the Court. Plaintiffs argue that the deposition topics are relevant for the reasons listed above.

**B.     Defendant's Opposition**

Steadfast first argues that the application of the watercraft exclusion is a legal issue for the Court for which no discovery is necessary. Steadfast quotes the exclusion and the exceptions to note that none of plaintiffs' discovery requests bears on the application of the exceptions to the watercraft exclusion. Steadfast cites numerous cases in which the courts have ruled as a legal issue on the applicability of watercraft exclusion.

Steadfast contends that plaintiffs' argument that an individual's interpretation of the policy can somehow change the language of the policy is nonsensical because the policy provides that it can only be modified in writing by a form included in the policy. Steadfast notes that plaintiffs raised these arguments in their motion to strike the affirmative defense before the District Court, which the District Court denied. Steadfast contends that the District Court's order contemplates

3

only that plaintiffs may need discovery as to the exceptions to the watercraft exclusion.  Steadfast argues that plaintiffs' discovery requests do not address the exceptions but the application and interpretation of the watercraft exclusion itself.  Steadfast notes that it produced the reservation-of-rights letter to Harvest Oil that discussed the watercraft exclusion.

Steadfast notes that it objected to the discovery requests that seek communications between it and Harvest Oil and between its claim personnel on the ground of privilege. Steadfast contends that plaintiffs have demonstrated that they have a substantial need for these materials and can not without undue hardship obtain their substantial equivalent through other means.  Steadfast maintains that this is also the reason that it is not required to produce a privilege log.

With regard to the guidelines and manuals, Steadfast distinguishes the case law on which plaintiffs rely by noting that there, the lawsuit was a first-party claim for bad faith by an insured against an insurer.  The documents were thus necessary to determine whether the insurer properly handled the insured's claim.

With regard to the underwriting files, Steadfast represents to the Court that it does not have within its possession the underlying policies listed in the excess insurance policy.

With regard to the deposition, Steadfast contends that it will produce a representative to testify on non-privileged matters at a mutually-agreeable time and date.  Steadfast contends that the deposition topics exceed the scope of discovery contemplated by the District Court because it seeks to depose the representative as to why Steadfast failed to raise the defense earlier and whether Steadfast waived the defense.  Steadfast maintains that the District Court already decided these issues.

Steadfast notes that it will continue to respond to discovery that addresses the exceptions to

the watercraft exclusion.

### III.   Law and Analysis

For the following reasons, the Court grants the motion in part.  Steadfast reads the District Court's order too narrowly.  There, the District Court mentioned only that "the discovery Plaintiffs indicate is necessary will have to be completed on an expedited basis."  [Doc. #65 at p. 4].  The District Court's order did not limit the discovery that plaintiffs may pursue in any way.  Indeed, the District Court recently granted a motion to continue the hearing on the motion for summary judgment on the ground that plaintiffs needed additional time to conduct discovery.  In neither order by the District Court nor in plaintiffs' motion to continue the discovery deadline did the District Court or plaintiffs limit discovery solely to the exceptions to the watercraft exclusion.

While the Court recognizes that Steadfast is correct that the application of an exclusion in an insurance policy is generally a legal issue that a district court will decide when it rules on a pending motion for summary judgment, *see Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578, 580 (5th Cir. 1986), the Court is not convinced that such case law precludes the discovery sought here.[1]  While the District Court may have denied plaintiffs' motion to strike Steadfast's affirmative defense under the watercraft exclusion, this Court is convinced that the discovery requested by plaintiffs may lead to the discovery of admissible evidence on whether Steadfast *waived* the affirmative defense.  While facially similar, denying a motion to strike an affirmative defense and considering whether a defendant waived an affirmative defense are different issues for which a party may present the Court with different evidence.

---

[1]     Of course, should the District Court grant the pending motion for summary judgment, any discovery requests by plaintiffs will become moot.  The motion for summary judgment is not set before the District Court, however, until August 3, 2011.

5

With respect to RFP Nos. 1, 2, 3, 4 and 5, the Court grants the motion.  Such information may lead to the discovery of admissible evidence as to whether Steadfast waived the affirmative defense. These materials are routinely sought in insurance-coverage disputes, and, with regard to the communications, Steadfast has not met its burden to demonstrate that any privilege protects the communications between it and its insured or between its claims representatives.  Should Steadfast claim privilege, Steadfast must produce a privilege log within the applicable deadlines below.

With respect to RFP No. 7, the Court denies the motion as moot. Steadfast has represented that it has no copies of the underlying policies listed in the excess insurance policy.

With respect to Int. Nos. 2, 3 and 4 and RFP No. 6, the Court grants the motion in part. Steadfast must produce a privilege log when it claims privilege.  Steadfast has reversed the burden of privilege, claiming that it falls first on plaintiffs to prove that they have a substantial need for the materials and can not without undue hardship obtain their substantial equivalent through other means.  However, it is well-established case law that the party invoking attorney-client privilege has "[t]he burden of demonstrating [its] applicability."  *King v. Univ. Healthcare Sys., LC*, – F.3d –, 2011 WL 2542529, *4 (5th Cir. 2011) (quoting *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.1985)).  Accordingly, because Steadfast asserted privilege as to these discovery requests, Steadfast must produce a privilege log.

Steadfast shall produce the aforementioned documents and privilege log no later than seven (7) days from the date of this Order.

Steadfast shall also produce a Rule 30(b)(6) representative no later than two weeks from the date of this Order to testify as to any non-privileged matters listed in the deposition topics.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel [Doc. #75] is GRANTED IN PART as outlined above.

New Orleans, Louisiana, this 6th day of July, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**